UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CARLOS GARCIA MORA,             )
                                   )
           Petitioner,            )
                                   )
          v.                 )     No. 2:26-cv-00334-JRS-MKK
                                   )
BRISON SWEARINGEN as Clay County, IN  )
Sheriff and Warden, Clay County Jail, *et al.*,  )
                                   )
          Respondents.       )

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Noncitizen Carlos Garcia Mora petitions for a writ of habeas corpus. He challenges the

lawfulness of his continued detention at the Clay County Jail, where he is detained on behalf of

U.S Immigration and Customs Enforcement (ICE). The Court **grants** Mr. Garcia Mora's petition

and orders the respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Garcia Mora entered the United States from his native Mexico without inspection in

2023. Dkt. 7-1 at 2–3. Mr. Garcia Mora's U.S. citizen wife petitioned for a visa for him, and

U.S. Citizenship and Immigration Services approved that petition in January of this year. Dkt. 1-

3. His application remains pending.

Local authorities pulled Mr. Garcia Mora over for speeding in Tipton County on April 22.

Dkt. 1 ¶ 38. Those authorities arrested him, charged him with driving without a license, and

notified ICE of his arrest. *Id.*, dkt. 7-1 at 2. ICE placed a detainer, and Immigration Officer

Amezcua issued an administrative warrant "command[ing]" that Mr. Garcia Mora be taken into

federal custody under 8 U.S.C. § 1226. *Id.*; *id.* at 10.

ICE took custody of Mr. Garcia Mora on April 23 pursuant to the detainer and administrative warrant and initiated removal proceedings. Dkt. 7-1 at 2, 6–9. He has remained in custody since his arrest and is currently detained at the Clay County Jail. He has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Garcia Mora argues that his continued detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment's Due Process clause. The respondents answer that the INA not only authorizes but requires the government to detain Mr. Garcia Mora through the conclusion of his removal proceedings.

Mr. Garcia Mora's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. On this basis, the Court grants his petition in part and denies it in part.

### A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

>> (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged

in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.      Mr. Garcia Mora's Detention Is Authorized by § 1226(a)**

The record reflects that Mr. Garcia Mora's detention is authorized by § 1226(a). As discussed further below, this makes him eligible for a bond hearing, and his continued detention without a bond hearing violates the INA.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Garcia Mora who have lived in the interior of the United States for years. *See, e.g.*, *Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See*

4

*Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348, at \*14–19 (S.D. Ind. Oct. 11, 2025).

In *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th 1048, 1061 (7th Cir. 2025) (*Castañon-Nava I*). This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The respondents concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 7 at 8–9. Nevertheless, they urge the Court to deviate from its previous decisions. They support that position with citations to numerous decisions upholding the government's interpretation of § 1225(b)(2)(A), including two recent circuit court decisions: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

In *Buenrostro-Mendez*, the Fifth Circuit found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. In *Avila*, the Eighth Circuit similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th 1128, 1135 (8th Cir. 2026).

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at \*2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

In contrast, three circuit courts have rejected the respondents' expansive interpretation of § 1225 in recent weeks and embraced reasoning similar to the Seventh Circuit's in *Castañon-Nava I. See Lopez-Campos, et al. v. Raycraft, et al.*, Nos. 25-1965/1969/1978/1982, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026)[2]; *Hernandez Alvarez v. Warden*, et al., No. 25-14065, --- F.4th ---, 2026 WL 1243395 (11th Cir. May 6, 2026);[3] *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).[4]

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava I* (and disagree with the Second, Sixth, and Eleventh Circuits) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava I* as persuasive precedent.[5]

---

[2] "We therefore find that an 'applicant for admission' is not necessarily 'seeking admission.' Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226." *Id.* at *11.

[3] "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. Nowhere in the text, structure, or history of the INA does that reading find steady footing. We are obliged to read the words found in the statute—'an alien who is an applicant for admission' and 'an alien seeking admission'—in line with the meaning Congress has given them. When we do so, it appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at *21.

[4] "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4. "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive. . . . [B]ecause Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at *4, *6.

[5] The Seventh Circuit has also issued its merits ruling in *Castañon-Nava*, --- F.4th ----, 2026 WL 1223250 (7th Cir. May 5, 2026) (*Castañon-Nava II*). The ultimate issue in *Castañon-Nava* was ICE's compliance with a consent decree prohibiting it from arresting noncitizens without warrants. While one judge reaffirmed the § 1225-1226 analysis that resolved the preliminary injunction motion, one reaffirmed his dissent from that analysis, and one found the § 1225-1226 issue was not necessary to resolve the case on the merits. Accordingly, *Castañon-Nava I*'s preliminary injunction ruling remains persuasive authority as the only Seventh Circuit panel decision on the § 1225-1226 issue.

Furthermore, the respondents' legal reasoning cannot be reconciled with the government's treatment of Mr. Garcia Mora. Before his recent arrest, Mr. Garcia Mora lived in the United States for multiple years. The government was aware of his presence. Rather than initiate removal proceedings and detain him, as the government now argues the law requires, the government approved a petition for a visa on his behalf. When the government arrested him, it did so subject to a warrant citing § 1226. The government cannot now plausibly maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

In sum, the record demonstrates that Mr. Garcia Mora's detention is authorized only by § 1226(a), entitling him to consideration of bond.

**C.    Scope of Relief**

Mr. Garcia Mora is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Garcia Mora argues that he is entitled to immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Garcia Mora maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1).

7

Mr. Garcia Mora's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires. Therefore, the Court grants Mr. Garcia Mora's petition and orders the respondents to afford him a bond hearing or release him from custody.

**D.      Remaining Claims**

Because the Court has found that Mr. Garcia Mora's detention violates the INA, it need not reach his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Garcia Mora's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. Dkt. 9 at 11–12. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison. Section 1226 is silent as to the burden of proof, so Mr. Garcia Mora's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Garcia Mora's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **ten days**[6] to either (1) provide Mr. Garcia Mora with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release him from detention under reasonable conditions of supervision. The attorney general shall notify Mr. Garcia Mora's counsel of the scheduling of the bond hearing. Respondents must file documentation certifying that they have either provided the bond hearing or released Mr. Garcia Mora within **two days** after the hearing or his release, whichever is applicable.

The petition is **denied** to the extent it seeks immediate release.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 05/29/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kristen Elizabeth Coffey
Sverdloff Law Group PC
kristen@sverdlofflaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov

---

[6] This deadline may be modified without need for Court involvement upon agreement by Mr. Garcia Mora and the federal respondents.

9